# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOSEPH CHESTER CARIVEAU,

      Petitioner,

v.                          Case No.   3:14-cv-542-J-32MCR

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

## O R D E R

Petitioner Joseph Chester Cariveau, an inmate of the Florida penal system, initiated this action by filing a pro se Petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Cariveau challenges his January 19, 2012, state court (Duval County, Florida) convictions for burglary of a dwelling and dealing in stolen property, for which he received a sentence of eight years imprisonment after entering pleas of guilty.   Cariveau raises nine grounds for relief, all premised on receiving constitutionally ineffective assistance of counsel.   Respondents have responded. See Answer to Petitioner's Habeas Petition (Doc. 12) (Response).[1]   Cariveau has replied.   See Petitioner's § 2254 Reply Pleading to State's Response (Doc. 15) (Reply). This case is ripe for review.

---

[1] Respondents also filed exhibits identified by letters A-R.   See Respondent's Notice of Filing and Serving Exhibits (Doc. 13).   The Court refers to the exhibits as "Ex." followed by their identifying letter.

## I.   <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus.   <u>See</u> 28.U.S.C. §2254; <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" <u>Id.</u> (quoting <u>Greene v. Fisher</u>, 132 S. Ct. 38, 43 (2011)).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," <u>id.</u> § 2254(d)(2).  A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.   <u>Id.</u> § 2254(e)(1); <u>Ferrell v. Hall</u>, 640 F.3d 1199, 1223 (11th Cir. 2011).

> . . . "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." [<u>Harrington v. Richter</u>, 562 U.S. 86, 101 (2011)] (citing <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75, 123 S. Ct. 1166, 155 L.Ed.2d 144 (2003)).   The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error.   <u>See</u>, <u>e.g.</u>, <u>Mitchell v. Esparza</u>, 540 U.S. 12, 18, 124 S. Ct. 7, 157 L.Ed.2d 263 (2003); <u>Lockyer</u>, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); <u>Williams v. Taylor</u>, 529 U.S. 362, 410, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000) ("[A]n <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013).

Before applying AEDPA deference, the federal habeas court must first identify the last state court decision that evaluated the claim on the merits.  See Wilson v. Warden, Ga. Diagnostic Prison, --- F.3d ---, 2016 WL 4440381, at *6 (11th Cir. Aug. 23, 2016) (en banc); Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016).   Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[2] Richter, 562 U.S. at 99; see also Johnson v. Williams, --- U.S. ---, 133 S. Ct. 1088, 1096 (2013).

Where the last adjudication on the merits is "'unaccompanied by an explanation,' a petitioner's burden under section 2254(d) is to 'show [ ] there was no reasonable basis for the state court to deny relief.'"   Wilson, 2016 WL 4440381, at *5 (quoting Richter, 562 U.S. at 98).   "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court."   Richter, 562 U.S. at 102; see also Wilson, 2016 WL 4440381, at *5; Marshall, 828 F.3d at 1285.   To determine which theories could have supported the state

---

[2] The presumption is rebuttable and may be overcome "when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100; see also Williams, 133 S. Ct. at 1096-97.   However, "the Richter presumption is a strong one that may be rebutted only in unusual circumstances."   Williams, 133 S. Ct. at 1096.

appellate court's decision, the federal habeas court may look to a state trial court's previous opinion as one example of a reasonable application of law or determination of fact; however, the federal habeas court is not limited to assessing the reasoning of the lower court.  Wilson, 2016 WL 4440381, at *9.  As such,

> even when the opinion of a lower state court contains flawed reasoning, [AEDPA] requires that [the federal court] give the last state court to adjudicate the prisoner's claim on the merits "the benefit of the doubt," Renico [v. Lett, 449 U.S. 766, 733 (2010)] (quoting [Woodford v. Visciotti, 537 U.S. 19, 24 (2002)]), and presume that it "follow[ed] the law," [Woods v. Donald, --- U.S. ---, 135 U.S. 1372, 1376 (2015)] (quoting Visciotti, 537 U.S. at 24).

Id. at *7; see also Williams, 133 S. Ct. at 1101 (Scalia, J., concurring).

## II.    Ineffective Assistance of Counsel

To prevail on this claim, Cariveau "must meet both the deficient performance and prejudice prongs of Strickland."  Wong v. Belmontes, 558 U.S. 15, 16 (2009) (per curiam) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688, 104 S. Ct. 2052.  A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance.  Id., at 689, 104 S. Ct. 2052.  The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id., at 687, 104 S. Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

4

> probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S. Ct. 2052.

Richter, 562 U.S. at 104. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

With respect to convictions resulting from guilty pleas, the two-part Strickland test applies to challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The petitioner must show that counsel's representation fell below an objective standard of reasonableness. To show prejudice, the petitioner who pled guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59 (footnote omitted).

Finally, a state court's adjudication on the merits of an ineffectiveness claim is accorded great deference under AEDPA.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S. Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado,

> 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).   Thus, the standards created by Strickland and § 2254(d) are both highly deferential, "and when the two apply in tandem, review is 'doubly' so[.]"   Richter, 562 U.S. at 105 (quoting Knowles, 556 U.S. at 123).

## III.   Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 44 (2007) (citation omitted).   "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## IV.   Findings of Fact and Conclusions of Law

Cariveau raised all nine of his federal habeas grounds in his motion for postconviction relief filed in state court.[3]   Ex. G.   Pursuant to former Florida Rule

---

[3] Because Respondents fully set forth the procedural history, see Response at 1-4, the Court will limit its recitation.

of Criminal Procedure 3.850(d) (2012), the state trial court summarily denied Cariveau's motion without an evidentiary hearing or responsive pleading from the State, finding that the "'files[ ] and records of the case conclusively show that the movant is entitled to no relief. . . .'"[4]   Ex. M at 2.   Cariveau appealed to the First District Court of Appeal (Ex. N), but no appellate briefs were filed.   Response at 4. The First District Court of Appeal summarily affirmed per curiam without issuing a written opinion.   Cariveau v. State, 133 So. 3d 932 (Fla. 1st DCA 2014); Ex. O. Cariveau's motion for rehearing (Ex. P) was denied.   Ex. Q.

The Court presumes that the First District Court of Appeal's summary affirmance was on the merits.   See Richter, 562 U.S. at 99-100.   Therefore, the adjudication is entitled to deference under § 2254(d), and the Court applies the Richter test to determine which arguments or theories could have supported the appellate court's decision.   Wilson, 2016 WL 4440381, at *5; see also Marshall, 828 F.3d at 1285.   In this endeavor, the Court may rely on the state trial court's opinion as one example of a reasonable application of law, but the Court is not limited to assessing the reasoning of the state trial court.   See Wilson, 2016 WL 4440381, at *9.   The Court also gives the First District Court of Appeal's the benefit of the doubt and presumes that it followed the law in affirming the state trial court's denial of Cariveau's claims.   See id. at *7.

---

[4] Effective July 1, 2013, Florida Rule of Criminal Procedure 3.850 was revised, and subsection (d) was substantially amended and redesignated as (f).   In re Amendments to Fla. Rules of Crim. Pro. and Fla. Rules of App. Pro., 132 So. 3d 734 (Fla. 2013).

### A. **Ground One**

Cariveau asserts that counsel was ineffective by failing to seek an alternative, probationary sentence of drug and/or alcohol treatment pursuant to Florida Statute 948.20(1)(2011).[5]   He also contends that counsel failed to advise him of his right to such a sentence.

The state trial court generally cited the Strickland standard before denying relief on ground one as follows:

> [T]he Defendant claims that his attorney rendered ineffective assistance by failing to properly advise him that he was eligible for alternative sentencing to a drug or alcohol treatment facility.   According to the negotiated pleas of guilty entered by the Defendant, he stated at the time of the plea that he had been fully informed by his attorney regarding any defense related to intoxication. (Ex. A).   In addition, the Defendant stated at the plea hearing that his attorney had reviewed the plea with him to his full satisfaction.   (Ex. D, p. 10).   The record, therefore, conclusively refutes the Defendant's allegations of his attorney's deficient performance for failing to discuss alternate sentencing.   Relief is denied.   Reaves [v. State, 593 So. 2d 1150, 1151 (Fla. 1st DCA 1992)].

Ex. M at 22.   The First District Court of Appeal summarily affirmed.   Ex. O.

Cariveau was ineligible for an alternative sentence under Florida Statute 948.20(1) (2011), and therefore counsel was not ineffective for failing to pursue such sentence.   Florida Statute 948.20(1) (2011) provides:

> If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a

---

[5] In his Petition, Cariveau cites and attempts to apply the 2009 version of Florida Statute 948.20(1); however because his offense conduct occurred in August 2011, the version of the statute that became effective July 1, 2011, would have applied to his case.

violation of s 893.13(2)(a), or other nonviolent felony if such nonviolent felony is committed on or after July 1, 2009, and notwithstanding s. 921.0024 the defendant's Criminal Punishment Code **scoresheet total sentence points are 60 points or fewer**, the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt.   In either case, the court may also stay and withhold the imposition of sentence and place the defendant on drug offender probation or into a postadjudicatory treatment-based drug court program if the defendant otherwise qualifies.   As used in this section, **the term "nonviolent felony" means a third degree felony violation under chapter 810 or any other felony offense that is not a forcible felony as defined in s. 776.08.**

Fla. Stat. 948.20(1) (2011) (emphasis added).   First, Cariveau was ineligible because he was convicted of two counts of burglary of a dwelling, which are second degree felonies under chapter 810 as well as forcible felonies enumerated in Florida Statute 776.08.   See Fla. Stat. 810.02(3); Fla. Stat. 776.08.   In addition, Cariveau's total sentence points were calculated at 98.4.   Ex. A at 31.   Even assuming Cariveau was improperly assessed 5.4 points for a nonexistent conviction, see infra Section IV.D. (Ground Four), his total sentence points still would have exceeded sixty points.   See State v. Winbush, 121 So. 3d 1165, 1166 (Fla. 5th DCA 2013) ("Because he scored more than 60 points on his sentencing scoresheet and he was not convicted of an offense specifically referenced in the drug offender probation statute, [the defendant] was ineligible to receive drug offender probation.").   Because Cariveau was ineligible for an alternative sentence under Florida Statute 948.20(1) (2011), his counsel's performance was not deficient and he suffered no prejudice from counsel's failure to pursue or advise Cariveau of such alternative sentence.   As such, the First District Court of Appeal's adjudication was neither contrary to nor an unreasonable

application of <u>Strickland</u>, and it did not rely on an unreasonable determination of the facts in light of the evidence presented.   Accordingly, Cariveau is not entitled to relief on ground one.

## B. <u>Ground Two</u>

Cariveau asserts that both the trial court and counsel failed to advise him that pursuant to Florida Statute 944.275(4)(b)(3) (2007), any sentence imposed carried an automatic 85% minimum mandatory term.   He asserts that the error was prejudicial as the plea form was silent regarding any minimum mandatory terms.   In his Reply, Cariveau contends that had he been informed of the statutory limits on incentive gain time, it would have weighed heavily in his decision whether to forgo the plea bargain and proceed to trial.   By this assertion, Cariveau implies that when he pled guilty, he expected that by earning incentive gain time, he would serve less than 85% of his negotiated eight-year sentence.[6]

The state trial court cited the <u>Strickland</u> standard before denying relief on this claim as follows:

> [T]he Defendant claims that his attorney rendered ineffective assistance by failing to properly advise him about his potential liability for a minimum mandatory sentence.   Initially, this Court observes that no minimum mandatory sentence was imposed in these cases.   Second, the Court fully informed the Defendant at the time of his plea regarding the potential length of the sentencing.   (Ex. D, 14).   The record, therefore, conclusively refutes the

---

[6] To the extent Cariveau contends that Florida Statute 944.275 disadvantages him by reducing the number of monthly gain-time credits available to an inmate, <u>see</u> Reply at 5-6, his reliance on <u>Weaver v. Graham</u>, 450 U.S. 24, 32 (1981) is misplaced. Unlike <u>Weaver</u>, the relevant provisions of Florida Statute 944.275 have not changed since Cariveau's offense, and thus there is no ex post facto violation.

> Defendant's allegations of his attorney's deficient
> performance for failing to advise him of a potential
> minimum mandatory sentence.   Relief is denied.   <u>Reaves
> [v. State</u>,] 593 So.2d at 1151.

Ex. M at 22-23.   The First District Court of Appeal summarily affirmed.   Ex. O.

At the plea hearing, Cariveau attested that he had read and understood the written plea form.   Ex. A at 89-90.   The plea form provided:

> I have not been promised by anyone, including my
> attorney, that I would actually serve any less time than set
> forth above, and I understand that any early release of any
> sort is not a part of this agreement and is entirely within
> the discretion of governmental agencies other than this
> Court.

Ex. A at 22; Ex. B at 3.   Thus, regardless of whether Cariveau knew of the statutory limits on incentive gain time, he agreed that no one had promised him that he would serve less than eight years, and he understood that any early release was within the discretion of government agencies other than the Court.

Moreover, gain time is a collateral consequence of a plea.   <u>See</u> <u>Elbert v. State</u>, 20 So. 3d 961, 963 (Fla. 2d DCA 2009); <u>State v. Rodriguez</u>, 990 So. 2d 600, 606 (Fla. 3rd DCA 2008). Defense counsel is not required to advise a defendant of all possible reductions in prison time for which he may be entitled or to provide a specifically quantified amount of time he is expected to serve in prison.   <u>See</u> <u>Rodriguez</u>, 990 So. 2d at 607.   Neither the court nor counsel must advise a defendant regarding gain time in order for the plea to be voluntary.   <u>See</u> <u>Elbert</u>, 20 So. 3d at 963; <u>Rodriguez</u>, 990 So. 2d at 606-07.   As such, Cariveau's counsel cannot be considered deficient for

failing to advise him of the limitations on possible reductions in his sentence for gain time.

In addition, Cariveau cannot show prejudice resulting from counsel's failure to advise him of the statutory limit on incentive gain time.   Although he contends that the information "would have weighed heavily in his decision to forgo the plea bargain and proceed to trial," Reply at 5, he fails to assert, let alone establish, that he would have rejected the negotiated plea agreement calling for concurrent eight-year sentences and instead proceeded to trial where he faced forty-five years if convicted and sentenced consecutively on all counts.   Cariveau has not shown a reasonable probability that he would have proceeded to trial had he known that he would be required to serve 85% of his sentence due to statutory limits on the accrual of incentive gain time.

The First District Court of Appeal's adjudication was neither contrary to nor an unreasonable application of Strickland, and it did not rely on an unreasonable determination of the facts in light of the evidence presented.   Accordingly, Cariveau is not entitled to relief on ground two.

## C. Ground Three

Cariveau asserts that he accepted the plea offer because his counsel represented to him he would receive less than the negotiated eight years if he helped to return the victim's stolen property.   Despite his assistance recovering and returning some of the property, he nevertheless received the full eight-year sentence.[7]

---

[7] In his Reply, Cariveau characterizes counsel's ineffectiveness for the first

The state trial court, after generally citing the <u>Strickland</u> standard, denied relief on this claim as follows:

> [T]he Defendant claims that his attorney rendered ineffective assistance by failing to honor a statement that the Defendant would receive less than an eight (8) year sentence if he cooperated in returning the stolen property to their owners. During his plea hearing, however, the Defendant stated that no one promised him anything in order to obtain his plea. (Ex. D, p. 8). In addition, after the eight (8) year sentence was proposed by his attorney, the Defendant remained silent regarding any leniency that was expected. Had there been a different agreement, the Defendant was under a duty to speak. <u>Jones v. State</u>, 608 So. 2d 585, 587 (Fla. 4th DCA 1996) ("[the Defendant] could not stand mute, accept the benefits of the plea, and then collaterally attack the voluntariness on the basis that something that could have been cleared up at the time of the plea."). The record, therefore, conclusively refutes the Defendant's allegations of his attorney's deficient performance for failing to obtain less than the expected sentence in return for his cooperation in returning the stolen property. Relief is denied. <u>Reaves</u>, 593 So. 2d at 1151.

Ex. M at 23. The First District Court of Appeal summarily affirmed. Ex. O.

A defendant's solemn declarations in court carry a strong presumption of truth. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Thus, the defendant's representations at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings." <u>Id.</u> at 73-74. At the plea colloquy, Cariveau attested that no one

---

time as a failure to object to the State's breach of the plea agreement. The Eleventh Circuit has repeatedly admonished that "[a]rguments raised for the first time in a reply brief are not properly before a reviewing court." <u>Herring v. Sec'y, Dep't of Corr.</u>, 397 F.3d 1338, 1342 (11th Cir. 2005) (quoting <u>United States v. Coy</u>, 19 F.3d 629, 632 n.7 (11th Cir. 1994)). Moreover, this argument was not exhausted in state court. <u>See</u> Ex. G at 4-5.

promised him anything in return for his plea of guilty.   Ex. A at 88.   He signed a

written plea form that confirmed the voluntary nature of his plea and the absence of

any extrinsic promises or agreements.   See Ex. A at 22-23; B at 3-4.   In addition, his

counsel apprised the trial court at the outset of the hearing that

> We have a proposed resolution in this matter.  Over the
> months we've had extensive discussions with the State,
> and I would like to inform the Court that this is based upon
> not only our negotiations, but also we were able to return
> some of the property to the victims, so the victim is happy
> with this disposition.
>
> And so, if I could, in Case Number 2011-CF-9122, which is
> a burglary to a dwelling, my client authorizes me to enter
> a plea of guilty.
>
> In turn for that, we understand the State would
> recommend the Court adjudicate him guilty, sentence him
> to eight years in the Florida State Prison, credit for 156
> days.

Ex. A at 85-86.[8]   The state trial court found that the record conclusively refuted that

counsel performed deficiently for failing to obtain less than the expected eight-year

sentence.   See Ex. M at 23.   Cariveau cannot contradict his prior sworn statements

by asserting now that his counsel made off-the-record promises to induce him into an

entering a negotiated plea.[9]

    The state appellate court's order was neither contrary to nor an unreasonable

application of Strickland, and it did not rely on an unreasonable determination of the

---

    [8] Also, the prosecutor confirmed that the victims were in agreement with the
eight-year sentence.   Ex. A at 95.

    [9] Even if the Court considers Cariveau's argument that counsel was ineffective
for failing to object to the State's breach of an off-the-record plea agreement, such
claim would still fail for the same reasons.

facts in light of the evidence presented.   Accordingly, Cariveau is not entitled to relief on ground three.

### D. <u>Ground Four</u>

Cariveau asserts that counsel failed to detect and raise a prejudicial error in computing his points on his criminal punishment scoresheet.   The scoresheet assessed 5.4 points for a second count of dealing in stolen property, which was not charged, producing a lowest permissible prison sentence of 52.8 months.   Ex. A at 30.   Cariveau asserts that the error prejudiced him by both providing an erroneously higher baseline for determining his plea offer of eight years and precluding him from eligibility for drug or alcohol treatment in lieu of prison, as discussed in ground one. <u>See</u> <u>supra</u>, Section IV.A. (Ground One).

The state trial court, after citing the <u>Strickland</u> standard, denied relief on this claim as follows:

> [T]he Defendant claims that his attorney rendered ineffective assistance by failing to advise him of a scoresheet error.   According to the Defendant, he was improperly assessed points for a second count of Dealing in Stolen Property that he did not plead guilty to committing.   However, "[s]coresheet errors are harmless when the sentence is the result of a negotiated plea agreement." <u>Harris v. State</u>, 810 So. 2d 1093, 1094 (Fla. 5th DCA 2002). Here, the record establishes that the Defendant, in exchange for his plea, negotiated for an eight (8) year sentence, not a sentence under the guidelines. <u>Id.</u>   The record, therefore, conclusively refutes the Defendant's allegations of his attorney's deficient performance for failing to advise him of a scoresheet error.   Relief is denied.   <u>Reaves</u>, 593 So. 2d at 511.

Ex. M at 23.   The First District Court of Appeal summarily affirmed.   Ex. O.

Had Cariveau's scoresheet been calculated without the additional 5.4 points, his total points would have been 93, and the resulting lowest permissible prison sentence would have been 48.75 months rather than 52.8 months.   Nothing in the record suggests that the sole factor driving Cariveau's negotiated eight-year sentence was his guidelines score.   Even so, Cariveau has not shown a reasonable probability that a four-month difference in his guidelines calculation would have either affected the negotiation or caused him to reject the eight-year plea deal, especially when he faced forty-five years if he went to trial.   In addition, the scoresheet error would not have affected Cariveau's eligibility for drug and alcohol treatment probation for the reasons stated in ground one.   See supra, Section IV.A. (Ground One).   Thus, even assuming deficient performance, Cariveau has not demonstrated prejudice resulting from counsel's failure to object to the scoresheet error.   The state court's order was neither contrary to nor an unreasonable application of Strickland, and it did not rely on an unreasonable determination of the facts in light of the evidence presented. Accordingly, Cariveau is not entitled to relief on ground four.

## E. **Ground Five**

Cariveau asserts that counsel failed to disclose the State's discovery to him, which rendered his plea unknowing and involuntary.   The state trial court, after citing the Strickland standard, denied relief on this claim as follows:

> [T]he Defendant claims that his attorney rendered ineffective assistance by failing to advise him of the contents of the State's discovery submissions.   According to the negotiated pleas of guilty entered by the Defendant, he had been fully informed by his attorney regarding any defense related to intoxication.   (Ex. A).   In addition, the

> Defendant stated at plea hearing that his attorney had done satisfactory preparation and investigation in Defendant's case and that he did not require further information before entering his plea. (Ex. D, p. 8). The record, therefore, conclusively refutes the Defendant's allegations of his attorney's deficient performance by failing to disclose the contents of the State's discovery submissions. Relief is denied. <u>Reaves</u>, 593 So. 2d at 1151.

Ex. M at 23-24. The First District Court of Appeal summarily affirmed. Ex. O.

At no time during the plea colloquy did Cariveau assert that counsel had not provided him with discovery. As the state court found, Cariveau agreed under oath that he had adequate time to speak with his counsel about each of his cases, his decision to enter pleas of guilty, and the consequences thereof. Ex. A at 88. He denied needing any additional time to speak with counsel or reflect upon his decision to plead guilty. <u>Id.</u> He confirmed that his lawyer had done everything Cariveau had asked him to do in investigating and preparing the case. <u>Id.</u> at 90. Cariveau's solemn declarations in court carry a strong presumption of truth. <u>See</u> <u>Allison</u>, 431 U.S. at 74.

Moreover, Cariveau fails to identify the discovery materials that he alleges were not provided and fails to allege how he suffered prejudice.[10] Cariveau has not even attempted to show how the unidentified discovery materials would have made it reasonably probable that the outcome would have been different.[11] Thus, the state

---

[10] Contrary to Cariveau's assertion in the Reply, he did not speak at the plea and sentencing hearing about not having all the discovery materials necessary to make an informed decision. Reply at 13. He did not give specifics about the materials that might have been favorable to him. <u>Id.</u>

[11] The Court rejects Cariveau's argument, raised in his Reply, that prejudice

court's order was neither contrary to nor an unreasonable application of <u>Strickland</u>, and it did not rely on an unreasonable determination of the facts in light of the evidence presented.   Accordingly, Cariveau is not entitled to relief on ground five.

### F. <u>Ground Six</u>

Cariveau contends that counsel was ineffective by failing to move to disqualify the trial judge because, he alleges, the trial judge was a victim of a previous burglary and had since demonstrated a propensity for harshness on burglary defendants.   He claims that counsel told him that the trial judge was "always strictest on burglary defendants since he was a burglary victim in the past."   Petition at 7.   He contends that he reasonably feared he would not receive a fair trial or a fair sentence from the trial judge.   He asserts that had he known of his right to disqualify the trial judge, he would have insisted that counsel do so and would not have pled guilty but would have insisted upon a jury trial.

The state trial court, after citing the <u>Strickland</u> standard, denied relief on this claim as follows:

> [T]he Defendant claims that his attorney rendered ineffective assistance by failing to move for the trial judge to recuse himself.   The Defendant alleges that the judge was himself a victim of burglary and therefore could not objectively impose sentence in this case.   First, any motion to disqualify a judge must be made within ten (10) days after discovery of the facts constituting the grounds for the motion.   Fla. R. Jud. Admin. 2.330(e).   Even if his counsel had filed this motion, the Defendant's allegations fail to establish the actual bias necessary for recusal.   <u>Cox v. State</u>, 974 So. 2d 474, 477 (Fla. 2d DCA 2008).   Therefore, the Defendant's claim of judicial bias is mere speculation

is presumed under <u>United States v. Cronic</u>, 466 U.S. 648 (1984).

> and "[p]ostconviction relief cannot be based on speculation
> or possibility."  <u>Maharaj v. State</u>, 778 So. 944, 951 (Fla.
> 2000).   Relief is denied.   <u>Reaves</u>, 593 So. 2d at 1151.

Ex. M at 24.   The First District Court of Appeal summarily affirmed.   Ex. O.

The Florida Rules of Judicial Administration provide for the disqualification of a judge on the ground "that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge."   Fla. R. Jud. Admin. 2.330(d)(1); <u>see also</u> <u>Thompson v. State</u>, 990 So. 2d 482, 489-90 (Fla. 2008).   "[T]he legal sufficiency of a motion to disqualify depends on 'whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.'"   <u>Thompson</u>, 990 So. 2d at 490 (quoting <u>Livingston v. State</u>, 441 So. 2d 1083, 1087 (Fla. 1983)).   Counsel's failure to file a facially sufficient motion to disqualify may constitute deficient performance under <u>Strickland</u>.   <u>See</u> <u>id.</u> at 489. The defendant may show prejudice if the deficiency renders the result of the proceeding unreliable and undermines confidence in the outcome.   <u>See</u> <u>id.</u> at 490.

As an initial matter, Cariveau's allegations that the trial judge was a biased burglary victim are speculative, supported only by his unsubstantiated claim that his counsel told him so.   They are also contradicted by the postconviction record. During postconviction proceedings, Cariveau filed a pro se motion to disqualify the trial judge.   Ex. H.   Granting the motion, the trial judge recused himself to ensure the public's confidence in the integrity and fairness of the judicial system.   Ex. K. However, the trial judge also wrote:

> The Defendant's Motion to Disqualify alleges this Court is
> unduly harsh against Defendants charged with burglary.

> The Defendant bases his conclusion upon the wholly
> fabricated and untrue contention that the undersigned has
> been a previous victim of a burglary.   In short, the
> Defendant's allegations have no basis in truth whatsoever.

<u>Id.</u>   Thus, if there were no basis for moving to disqualify the trial judge, counsel was

not deficient for failing to file the motion.

In any event, Cariveau cannot show prejudice resulting from counsel's failure

to move to disqualify the trial judge.   The trial judge simply accepted Cariveau's

guilty pleas and imposed the agreed-upon sentences negotiated by the parties.   The

trial judge did not exercise discretion in determining Cariveau's sentence.   As such,

the First District Court of Appeal's adjudication was neither contrary to nor an

unreasonable application of <u>Strickland</u>, and it did not rely on an unreasonable

determination of the facts in light of the evidence presented.   Accordingly, Cariveau

is not entitled to relief on ground six.

## G. <u>Ground Seven</u>

Cariveau asserts that counsel improperly induced or manipulated him into

pleading guilty.   He contends that counsel told him the trial judge would give him

the maximum sentence if he went to trial.   He also asserts that counsel told him that

he would require additional fees if Cariveau went to trial.   Cariveau contends that

he did not know that he could qualify for appointed counsel at trial if he could no

longer afford private counsel.   Thus, he contends that he believed he had no other

choice but to plead guilty, and that he would have proceeded to jury trial with

appointed counsel had he been aware of that option.[12]

The state trial court, after citing the <u>Strickland</u> standard, denied relief on this

claim as follows:

> [T]he Defendant claims that his attorney rendered
> ineffective assistance by manipulating him into offering a
> plea of guilty.  In addition, the Defendant claims he was
> not informed that he would be represented by counsel
> should he choose to proceed to trial.  During his plea
> hearing, however, the Defendant stated that he was not
> threatened, and no one promised him anything in order to
> obtain his plea.  (Ex. D, p. 8).  The Defendant was also
> informed by the Court that by entering a plea of guilty he
> was waiving his right [to] representation by counsel at
> trial.  (Ex. D, p. 11).  The record, therefore, conclusively
> refutes the Defendant's allegations of his attorney's
> deficient performance for either manipulating into a plea
> agreement or failing to advise him of his right to counsel
> should he have chosen to proceed to trial.   Relief is denied.
> <u>Reaves</u>, 593 So. 2d at 1151.

Ex. M at 24.   The First District Court of Appeal summarily affirmed.   Ex. O.

During the plea colloquy, Cariveau stated that no one had threatened him or

promised him anything in return for his plea, and that he was entering a plea of

guilty because he was guilty.   Ex. A at 88.   When Cariveau answered that he was

---

[12] In his Reply, Cariveau articulates for the first time a theory that his counsel
had a financial conflict of interest, which adversely affected his performance, and that
he is entitled to a presumption of prejudice under <u>Cuyler v. Sullivan</u>, 446 U.S. 335
(1980).  <u>See</u> Reply at 15-17.  The argument is not properly before the Court, <u>see</u>
<u>Herring</u>, 397 F.3d at 1342, and was not exhausted in state court.  <u>See</u> Ex. G at 8-10.
In any event, the Eleventh Circuit has held that <u>Sullivan</u> does not expressly apply to
counsel's personal conflicts of interests outside the multiple representation context.
<u>See</u> <u>Downs v. Sec'y, Fla. Dep't of Corr.</u>, 738 F.3d 240, 265 (11th Cir. 2013) (citing
<u>Mickens v. Taylor</u>, 535 U.S. 162, 174-75 (2002) and <u>Schwab v. Crosby</u>, 451 F.3d 1308,
1325 (11th Cir. 2006)).

"sort of" satisfied with counsel, the judge advised him that he was welcome to go to trial on the charges, and Cariveau thereafter assured the judge he was satisfied with counsel.   Ex. A at 90-91.   Cariveau attested that he was aware that by entering a plea he was giving up his right to trial and to the assistance of counsel at every stage of a trial.   Ex. A at 91.   His solemn declarations in court carry a strong presumption of truth.   See Allison, 431 U.S. at 74.

In addition, on the plea forms, Cariveau averred that he had not been threatened, coerced, or intimidated by any person, including his attorney, in any way to get him to enter the plea.   Ex. A, 22; Ex. B, 3.   He also averred that he understood that by entering a plea he was giving up his right to a trial and have counsel appointed for him. Ex. A, 22; Ex. B, 3.   At the plea hearing, he attested that he had read and understood the written plea forms.   Ex. A at 89-90.

The state trial court's determination that the record conclusively refuted Cariveau's allegations of his attorney's deficient performance was reasonable.   As such, the First District Court of Appeal's adjudication was neither contrary to nor an unreasonable application of Strickland, and it did not rely on an unreasonable determination of the facts in light of the evidence presented.   Accordingly, Cariveau is not entitled to relief on ground seven.

## H. Ground Eight

Cariveau asserts that counsel was ineffective by failing to move to suppress evidence or discuss such a motion with him based on a search to which his pregnant girlfriend consented.   He asserts that her consent was coerced.   In his Reply, he

asserts for the first time that his girlfriend did not have authority to consent to a search of his home.

After citing the <u>Strickland</u> standard, the state trial court denied relief on this claim as follows:

> [T]he Defendant claims that his attorney rendered ineffective assistance by failing to suppress exculpatory[13] evidence gained through the coerced consent of his girlfriend.   According to the negotiated pleas of guilty entered by the Defendant, he had been fully informed by his attorney regarding all defenses.   (Ex. A).   In addition, the Defendant stated at the plea hearing that his attorney had done satisfactory preparation and investigation in the Defendant's case and that he did not require further information before entering his plea.   (Ex. D, p. 10).   The record, therefore, conclusively refutes the Defendant's allegations of his attorney's deficient performance for failing to suppress evidence gained by his girlfriend's cooperation.   Relief is denied.   <u>Reaves</u>, 593 So. 2d at 1151.

Ex. M at 24-25.   The First District Court of Appeal summarily affirmed.   Ex. O.

Because Cariveau pled guilty, the question becomes whether his counsel provided ineffective assistance by failing to seek suppression of the evidence obtained pursuant to his girlfriend's consent before advising Cariveau to plead guilty.   <u>See</u> <u>Premo v. Moore</u>, 562 U.S. 115, 123 (2011).   Cariveau must show that his counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial.   <u>Id.</u> at 121-22, 129.   To demonstrate prejudice, Cariveau must prove that his Fourth Amendment claim is meritorious and that the

---

[13] The Court assumes that the state court meant, "inculpatory."

outcome would have been different absent the excluded evidence.   See Marshall, 828

F.3d at 1285 (quoting Kimmelman v. Morrison, 477 U.S. 365, 375 (1986)).

Cariveau fails to establish that a motion to suppress would have been

meritorious.   He variably claims in his Petition that the third-party's consent was

coerced and in his Reply that the third party lacked authority to consent.   Compare

Petition at 7-8 with Reply at 17-18.   Although he alleges that his pregnant girlfriend

was threatened with arrest and jail if she refused consent, he submitted no affidavits

or other evidence in state or federal court supporting his allegations.   Likewise, he

submitted no evidence to support his allegations that she lacked authority to consent.

Counsel did not perform deficiently by failing to file a nonmeritorious motion to

suppress.

Moreover, he has not established that he would not have pleaded guilty,

especially when he was facing forty-five years at trial.   According to the State's

proffer at the plea hearing, the State was prepared to show beyond a reasonable doubt

that

> [o]n August 9th, 2011, the victim J.E. noticed that there
> was a burglary to her residence.   The next day on August
> 10, 2010, she suspected that her neighbor named Chet,
> which is the defendant's nickname, who resides next door,
> could have been the person who took the belongings.
>
> The detectives went to Value Pawn, obtained a video, in
> which the defendant was pawning several pieces of the
> victim's jewelry.   And as to victim Scott Rono, on August
> 16th, 2011, he came home to notice that a burglary had
> happened.   He later found the same items that were
> stolen.   The defendant was arrested for both burglaries.

Ex. A at 93-94.

As such, the First District Court of Appeal's adjudication was neither contrary to nor an unreasonable application of <u>Strickland</u>, and it did not rely on an unreasonable determination of the facts in light of the evidence presented. Accordingly, Cariveau is not entitled to relief on ground eight.

## I.  **Ground Nine**

Cariveau contends that the cumulative effect of all counsel's errors detailed in grounds one through eight combined to create constitutionally deficient, prejudicially ineffective assistance of counsel.  The state trial court, after citing the <u>Strickland</u> standard, denied relief on this claim as follows:

> [T]he Defendant claims that the accumulation of errors listed in Grounds One through Eight amounted to a deficient performance by his trial counsel.  Having found that each claim was conclusively refuted by the record, the Court finds that there is no deficient performance established by considering them as a whole.  Relief is denied.  <u>Reaves</u>, 593 So. 2d at 1151.

Ex. M at 25.  The First District Court of Appeal summarily affirmed.   Ex. O.

Even assuming that a claim of cumulative error could be cognizable in federal habeas proceedings, Cariveau's claim of cumulative error would necessarily fail because none of his individual claims of ineffective assistance of counsel have merit. <u>See</u> <u>Hill v. Sec'y, Fla. Dep't of Corr.</u>, 578 F. App'x. 805, 810 (11th Cir. 2014); <u>Morris v. Sec'y, Dep't of Corr.</u>, 677 F.3d 1117, 1132 (11th Cir. 2012).   Thus, his claim lacks merit, and the state trial court's determination was reasonable.   As such, the First District Court of Appeal's adjudication was neither contrary to nor an unreasonable

application of <u>Strickland</u>, and it did not rely on an unreasonable determination of the facts in light of the evidence presented.   Relief on ground nine is denied.

Accordingly it is hereby

**ORDERED:**

1. Cariveau's Petition Under § 2254 for Writ of Habeas Corpus (Doc. 1) is

   **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of Court** shall enter judgment denying the Petition and

   dismissing this case with prejudice.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate

   of appealability.[14]   Because this Court has determined that a certificate of

   appealability is not warranted, the **Clerk of the Court** shall terminate

   from the pending motions report any motion to proceed on appeal as a

   pauper that may be filed in this case.   Such termination shall serve as a

   denial of the motion.

---

[14] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-Eli v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).   Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

    4.  The **Clerk of the Court** shall close this case.

    **DONE AND ORDERED** in Jacksonville, Florida this 8th day of November, 2016.


TIMOTHY J. CORRIGAN
United States District Judge


lpb
Copies to:
Joseph C. Cariveau, DOC # J16488
Counsel of record